Debtor **Stella Gracelynn Short**

United States Bankruptcy Court for the MIDDLE DISTRICT OF TENNESSEE [Bankruptcy district]

☐ Check if this is an amended plan

Case number:

Official Form 113

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. **Boxes must be checked by debtor(s) if applicable.**

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☒ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

Check one.

☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is **not** less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$**452.00 bi-weekly** for **60** months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): ______ .

**2.3 Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $100,724.40.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Inland Bank** | **Automobile to be determined** | **$12,500.00** | **22.00%** | **$350.00**<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | **$21,000.00** |

*Insert additional claims as needed.*

**3.4 Lien avoidance**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

***The remainder of this paragraph will be effective only if the applicable box on Part 1 of this plan is checked.***

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of Creditor<br>**Mariner Finance** | a. Amount of lien | **$0.00** | **Amount of secured claim after avoidance** (line a minus line f)<br>**$0.00** |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1,794.54** | |



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor **Stella Gracelynn Short** Case number

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor** | a. Amount of lien | $0.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| **Collateral** HHG | d. Total of adding lines a, b, and c | $1,794.54 | **Interest rate** (if applicable) N/A % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) Non-Purchase Money Security | e. Value of debtor's interest in property | $1,794.54 | **Monthly plan payment** |
| | f. Subtract line e from line d. | $0.00 | N/A |
| | Extent of exemption impairment *(Check applicable box)*<br>☒ **Line f is equal to or greater than line a.**<br>The entire lien is avoided (*Do not complete the next column)*<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** $0.00 |
| **Name of Creditor** | a. Amount of lien | $0.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| Personal Finance | b. Amount of all other liens | $0.00 | $0.00 |
| | c. Value of claimed exemptions | $679.00 | |
| **Collateral** HHG | d. Total of adding lines a, b, and c | $679.00 | **Interest rate** (if applicable) N/A % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) Non-Purchase Money Security | e. Value of debtor's interest in property | $679.00 | **Monthly plan payment** |
| | f. Subtract line e from line d. | $679.00 | N/A |
| | Extent of exemption impairment *(Check applicable box)*<br>☒ **Line f is equal to or greater than line a.**<br>The entire lien is avoided (*Do not complete the next column)*<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** $0.00 |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| American Credit Acceptance | 2006 Dodge Charger<br>2B3KA43G36H428169<br>185K Miles |

*Insert additional claims as needed.*



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$3,847.59**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,000.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☒ The debtor estimates that the total amount of other priority claims to be $ **310.00**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____
☒ **20** % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Order of Distribution of Trustee Payments



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor **Stella Gracelynn Short** Case number

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**

**a. Trustee's Fees**
**b. Filing Fees**
**d. Continuing Mortgage Payments**
**e. Monthly Payments on Secured Debts**
**f. Attorney's Fees**
**g. Mortgage Arrears**
**h. General Unsecured Claims**

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☐ plan confirmation.
☒ entry of discharge.
☐ other:

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

**Debtor moves for permission to incur credit with Inland Bank for a replacement vehicle in the maximum amount of $21,000.00 and a monthly payment of $350.00 to be paid through the plan (see §5.02(a)). Debtor must purchase a vehicle in order to properly fund the plan. The debtor's plan payment will increase to $620.00 biweekly once the replacement vehicle is added to the plan.**

## Part 10: Signatures:

*X* **/s/ Edgar M Rothschild, Mary Beth Ausbrooks** Date **December 3, 2014**
**Edgar M Rothschild, Mary Beth Ausbrooks**
**Signature of Attorney for Debtor(s)**

*X* **/s/ Stella Gracelynn Short** Date **December 3, 2014**
**Stella Gracelynn Short**

*X* Date

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor **Stella Gracelynn Short** Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | | |
|---|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total):* | | **$42,210.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total):* | | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total):* | | **$21,000.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total):* | | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total):* | | **$8,157.59** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1 total):* | | **$9,332.49** |
| g. | **Interest on allowed unsecured claims** *(Part 5, Section 5.2 total)* | | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.3 total)* | | **$0.00** |
| i. | **Separately classified unsecured claims** *(Part 5, Section 5.4 total)* | | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | + | **$0.00** |

**Total of lines a through j.......................................................................................................................** **$80,700.00**



Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy